UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 3/5/18

JUAN MARTINEZ,

                         Petitioner,

-against-

SUPERINTENTDENT WILLIAM A. LEE,
Commissioner NYS Department of Corrections,

                         Respondent.

10-CV-9019 (NSR) (PED)

**ORDER ADOPTING REPORT
AND REOMMENDATION**

NELSON S. ROMÁN, United States District Judge:

Juan Martinez ("Petitioner"), proceeding *pro se*, seeks a writ of habeas corpus under 28 U.S.C. § 2254. Following a jury trial in state court, Petitioner was found guilty of multiple felony criminal counts. As a result of his convictions, Petitioner was sentenced to a term of 28.5 years (minimum) to life imprisonment. Petitioner filed the instant petition challenging his conviction on multiple grounds. (*See* ECF Nos. 1, 2.) Respondent moved to dismiss the petition. (*See* ECF Nos. 46, 47.) Now pending before the Court is a Report and Recommendation ("R & R") issued by Magistrate Judge Paul E. Davison ("MJ Davison"), pursuant to 28 U.S.C. § 636(b) and Federal Rule of Civil Procedure 72(b), recommending that Respondent's motion to dismiss be denied. (*See* ECF No. 51.) Neither party filed an objection to the R & R. For the following reasons, the Court finds no clear error and adopts the R & R; the motion to dismiss the petition is DENIED.

## BACKGROUND

The Court presumes the parties' familiarity with the factual and procedural background of this case, including that related to the underlying criminal proceedings and Petitioner's appellate challenges to his conviction. Further details can be found in the R & R, which this Court adopts.

Petitioner was convicted following a jury trial in Westchester County (Zambelli, J.) of murder in the second degree, gang assault in the first degree, criminal possession of a weapon in the second degree, reckless endangerment in the second degree, attempted assault in the second degree, and criminal possession of a weapon in the third degree. Petitioner's convictions stem from two related incidents. The first incident involved the Petitioner chasing a victim, Kashawn Philips ("Phillips"), with a machete, for which Petitioner was convicted of attempted assault and criminal possession of a weapon (the "Machete Incident"). The second incident involved the shooting and subsequent death of Phillips later in the evening (the "Homicide Incident").

Petitioner timely filed the instant petition for a Writ of Habeas Corpus on or about November 17, 2010. (*See* ECF Nos. 1, 2.) He seeks habeas relief on six grounds: (1) legal sufficiency of the evidence; (2) prosecutorial misconduct; (3) violation of due process rights; (4) an unduly suggestive identification; (5) trial court error "in refusing to call a necessary witness for the Petitioner's defense; and (6) ineffective assistance of counsel. (*Id.*) Petitioner exhausted his appellate remedies in state court.

After the filing of the instant petition, the matter was stayed to allow Petitioner an opportunity to file a motion, pursuant to N.Y. Crim. P.L. § 440.10, to vacate his conviction. By Order dated November 2, 2017 (the "November Order"), the state trial court, Zambelli, J., granted Petitioner's motion to the extent it vacated the convictions for murder, gang assault, criminal possession of a weapon and reckless endangerment, as they related to the Homicide Incident. (*See* ECF No. 47, Ex. 1.) In the R&R, MJ Davison noted that in light of the state court's vacatur of these charges, any and all claims raised in the petition related to the Homicide Incident charges were now moot. The R&R further recommended, however, that Petitioner be entitled to proceed with his petition to the extent he seeks to assert claims related to the Machete Incident, for which his convictions were not vacated. A review of the petition reveals that Petitioner does indeed seek

to challenge, *inter alia*, the legal sufficiency of his conviction concerning the Machete Incident. Accordingly, such claims are not rendered moot by virtue of state trial court's November Order. Respondent's motion is ripe for denial.

## STANDARD OF REVIEW

### A. Habeas Petition Reviewing a State Court Decision

"Habeas review is an extraordinary remedy." *Bousley v. United States*, 523 U.S. 614, 621 (1998). When a claim has been adjudicated on the merits in a state court proceeding, a prisoner seeking habeas relief must establish that the state court's decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1), (d)(2); *Cousin v. Bennett*, 511 F.3d 334, 337 (2d Cir. 2008). A state court's findings of fact are presumed correct unless the petitioner rebuts the presumption with clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *see also Nelson v. Walker*, 121 F.3d 828, 833 (2d Cir. 1997).

### B. Magistrate Judge's Report and Recommendation

A magistrate judge may "hear a pretrial matter [that is] dispositive of a claim or defense" if so designated by a district court. Fed. R. Civ. P. 72(b)(1); *accord* 28 U.S.C. § 636(b)(1)(B). In such a case, the magistrate judge "must enter a recommended disposition, including, if appropriate, proposed findings of fact." Fed. R. Civ. P. 72(b)(1); *accord* 28 U.S.C. § 636(b)(1). Upon a magistrate judge's issuance of a report and recommendation, and

> [w]ithin fourteen days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.

28 U.S.C. § 636(b); *accord* Fed. R. Civ. P. 72(b)(2), (3). Nevertheless, "'[t]o accept the report and recommendation of a magistrate, to which *no timely objection* has been made, a district court need only satisfy itself that there is *no clear error* on the face of the record.'" *Wilds v. United Parcel Serv., Inc.*, 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003) (emphasis added) (quoting *Nelson v. Smith*, 618 F.Supp. 1186, 1189 (S.D.N.Y. 1985); *accord Feehan v. Feehan*, No. 09CV7016 (DAB), 2011 WL 497776, at *1 (S.D.N.Y. Feb. 10, 2011); *see also* Fed. R. Civ. P. 72 advisory committee note (1983 Addition, Subdivision (b)) ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.").

## DISCUSSION

Here, the R & R was issued on February 15, 2018 and the deadline for filing objections was March 5, 2018. Neither party filed an objection; the Court reviews Magistrate Judge Davison's R & R for clear error and finds none. Accordingly, the Court adopts the findings and conclusions reached therein.

## CONCLUSION

For these reasons, the Court adopts Magistrate Judge Davison's R & R in its entirety. The Respondent's motion to dismiss the petition for a Writ of Habeas Corpus is therefore DENIED. The Clerk of Court is directed to terminate the motion(s) at ECF No. 46 and 47. If Respondent has not done so, Respondent is directed to file an answer to the petition within 30 days of this Order.

Dated: March 5, 2018
White Plains, New York

SO ORDERED:

NELSON S. ROMÁN
United States District Judge