UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

JUAN MARTINEZ,

                        Petitioner,

-against-

SUPERINTENTDENT WILLIAM A. LEE,
Commissioner NYS Department of Corrections,

                        Respondent.

10-CV-9019 (NSR) (PED)

**ORDER ADOPTING REPORT
AND REOMMENDATION**

NELSON S. ROMÁN, United States District Judge:

Petitioner Juan Martinez ("Petitioner"), proceeding *pro se*, filed the instant petition seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254. In September 2006, Petitioner was convicted in New York State Supreme Court, Westchester County, following a jury trial of, *inter alia*, murder in the death of Kashawn Phillips ("Phillips"). As a result of his convictions, Petitioner was sentenced to a term of twenty-five (25) years (minimum) to life imprisonment. In November 2017, the trial court, pursuant to N.Y. Crim. Pro. Law § 440.10, vacated Petitioner's murder-related convictions but did not disturb the attempted assault and criminal possession of a weapon convictions. Thereafter, Petitioner's original sentence was vacated and he was re-sentenced to a term of three and one half (3 1/2) to seven (7) years. Thus, the only remaining and relevant convictions are for attempted assault and criminal possession of a weapon.

Now pending before the Court is a Report and Recommendation ("R & R") issued by Magistrate Judge Paul E. Davison ("MJ Davison"), pursuant to 28 U.S.C. § 636(b) and Federal Rule of Civil Procedure 72(b), recommending that Petitioner's writ of habeas corpus be denied. (*See* ECF No. 53.) For the following reasons, the Court finds no clear error and adopts the R & R; the petition is DENIED and matter is deemed dismissed.

1

## BACKGROUND

The Court presumes the parties' familiarity with the factual and procedural background of this case, including that related to the underlying criminal proceedings and Petitioner's appellate challenges to his conviction. Further details can be found in the R & R, which this Court adopts.

Petitioner was convicted following a jury trial in Westchester County (Zambelli, J.) of attempted assault in the second degree, and criminal possession of a weapon in the third degree. Petitioner's convictions stem from an incident on September 3, 2005, in Yonkers, New York, wherein he chased a victim, Philips, with a machete and attempted to assault him. Petitioner timely filed the instant petition for a writ of habeas corpus on or about November 17, 2010. (*See* ECF Nos. 1, 2.)

Petitioner seeks habeas relief on six grounds: (1) legal sufficiency of the evidence; (2) prosecutorial misconduct; (3) violation of due process rights; (4) an unduly suggestive identification; (5) trial court error "in refusing to call a necessary witness for the Petitioner's defense"; and (6) ineffective assistance of counsel. Petitioner has exhausted all of his appellate remedies in state court.

## STANDARD OF REVIEW

### A. Habeas Petition Reviewing a State Court Decision

"Habeas review is an extraordinary remedy." *Bousley v. United States*, 523 U.S. 614, 621 (1998). When a claim has been adjudicated on the merits in a state court proceeding, a prisoner seeking habeas relief must establish that the state court's decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1), (d)(2); *Cousin v.*

*Bennett*, 511 F.3d 334, 337 (2d Cir. 2008). A state court's findings of fact are presumed correct unless the petitioner rebuts the presumption with clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *see also Nelson v. Walker*, 121 F.3d 828, 833 (2d Cir. 1997).

### B. Magistrate Judge's Report and Recommendation

A magistrate judge may "hear a pretrial matter [that is] dispositive of a claim or defense" if so designated by a district court. Fed. R. Civ. P. 72(b)(1); *accord* 28 U.S.C. § 636(b)(1)(B). In such a case, the magistrate judge "must enter a recommended disposition, including, if appropriate, proposed findings of fact." Fed. R. Civ. P. 72(b)(1); *accord* 28 U.S.C. § 636(b)(1). Upon a magistrate judge's issuance of a report and recommendation, and

> [w]ithin fourteen days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.

28 U.S.C. § 636(b); *accord* Fed. R. Civ. P. 72(b)(2), (3). Nevertheless, "'[t]o accept the report and recommendation of a magistrate, to which *no timely objection* has been made, a district court need only satisfy itself that there is *no clear error* on the face of the record.'" *Wilds v. United Parcel Serv., Inc.*, 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003) (emphasis added) (quoting *Nelson v. Smith*, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985); *accord Feehan v. Feehan*, No. 09CV7016 (DAB), 2011 WL 497776, at *1 (S.D.N.Y. Feb. 10, 2011); *see also* Fed. R. Civ. P. 72 advisory committee note (1983 Addition, Subdivision (b)) ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.").

## DISCUSSION

In the R & R, MJ Davison noted that all of Petitioner's claims, except for claims concerning legal sufficiency, were rendered moot in light of the trial court's decision vacating Petitioner's murder- related convictions. In regards to Petitioner's remaining claims, MJ Davison determined, viewing the evidence in the light most favorable to the prosecution, there was sufficient evidence proffered by the prosecution for any rational trier of fact to have found the essential elements of the crime(s) charged, attempted assault and criminal possession of a weapon, beyond a reasonable doubt. See, *Jackson Virginia*, 443 U.S. 307, 318-19 (1979). Thus, requiring dismissal of Petitioner's claim of legal insufficiency. Here, the R & R was issued on May 3, 2018 and the deadline for filing objections was May 21, 2018. Neither party filed an objection. The Court reviews MJ Davison's R & R for clear error and finds none. Accordingly, the Court adopts the findings and conclusions reached therein.

## CONCLUSION

For these reasons, the Court adopts MJ Davison's R & R in its entirety. The Petitioner's Writ of Habeas Corpus is DENIED. The Clerk of Court is directed to terminate the action, to mail a copy of this Order to Petitioner, and to file proof of service upon Petitioner.

As Petitioner has not made a substantial showing of the denial of a constitutional right, a certificate of appealability will not issue. See 28 U.S.C. § 2253(c)(2); *Love v. McCray*, 413 F.3d 192, 195 (2d Cir. 2005); *Lozada v. United States*, 107 F.3d 1011, 1017 (2d Cir. 1997), abrogated on other grounds by *United States v. Perez*, 129 F.3d 225, 259-60 (2d Cir. 1997). The Court certifies pursuant to 18 U.S.C. §

4

1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. See *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

Dated: May 31, 2018
       White Plains, New York

SO ORDERED:

_____
NELSON S. ROMÁN
United States District Judge